Dear Senator Tarver:
Your request for an Attorney General Opinion on behalf of your constituent, Robert William Green, Jr., has been assigned to me for consideration and response. Specifically, the opinion request asks for a legal definition of the word "repeal" as it relates to the abrogation or annulment of existing statutory law by the legislature.
Under Louisiana law, a statute may be repealed either expressly or by implication. Louisiana Civil Code Article 8 provides:
 Laws are repealed, either entirely or partially, by other laws.
 A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
 The repeal of a repealing law does not revive the first law.
This principle controls with respect to the repeal of legislation by the legislative branch.
Further, the opinion request submitted by you on behalf of Mr. Green states as follows:
 I have found in my research that the eleven confederate states which seceded from the Union have never properly repealed racist laws in their state constitutions after 1865. Many have simply deleted the old laws, without addressing the correct repeal procedure. Others have improperly repealed the racist laws by the amendment process, which is totally in contradiction to the correct process.
Mr. Green goes on to conclude in his letter that many southern states, including Louisiana, have not properly repealed racist laws, such as those providing for separate schools for whites and blacks. This writer will therefore address the additional issue of what is the effect of a state statute purporting to segregate individuals on the basis of race which was never repealed by the legislature.
Article VI, clause 2 of the United States Constitution, the Supremacy Clause, provides:
 This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.
Thus, to the extent that a state statute conflicts with the federal constitution or a federal statutory provision, it is invalid. This is true even though the state legislature has not formally repealed the law by enacting repealing legislation. For example, the United States Supreme Court, in Brown v. Boardof Education of Topeka, Kansas, 349 U.S. 294, 75 S.Ct. 753
(1955), held that the Fourteenth Amendment to the United States Constitution prohibits any federal, state, or local law from requiring or permitting racial discrimination in public education. The Brown court therefore set forth the principle that the Constitution does not tolerate racial segregation in public schools and any statute which purports to provide for such is unconstitutional. This is so because the federal constitution is the supreme law of the land and the demands of the Constitution are superior to the wishes of the legislature. Cook v. Moffat Curtis, 46 U.S. 295,12 L.Ed. 159 (1847); M E Contractors, Inc. v. Kugler — MorrisGeneral Contractors, 67 B.R. 260 (N.D. Tex. 1986).
In response to Mr. Green's concerns that the Louisiana Legislature has not properly repealed statutes providing for segregation in public schools, such statutes have been judicially invalidated by pronouncements of the United States Supreme Court. Therefore, a legislative repeal of an existing segregationist statute is not necessary as such statute has no effect.
In conclusion, it is the opinion of this office that the legislature may repeal a statute expressly or impliedly, pursuant to Civil Code Article 8. Further, a state statute which contravenes federal constitutional principles, such as a statute requiring segregated public schools, though not repealed through legislative means, is unconstitutional and has no effect as it contradicts the Fourteenth Amendment to the United States Constitution as interpreted by the Supreme Court.
I hope that this has adequately answered your questions. If you require any further information, please feel free to call on this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP/pb
The Honorable Gregory Tarver Senator, District 39 1024 Pierre Avenue Shreveport, LA 71103
DATE RECEIVED:
DATE RELEASED:
GINA M. PULEIO ASSISTANT ATTORNEY GENERAL